UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| STEVEN BRAUNSTEIN, | Case No. 3:12-cv-00665-MMD-V0C |
| Plaintiff, | ORDER |
| v. | |
| MICHALE VILLANI, et al., | |
| Defendants. | |

This prisoner civil rights case comes before the Court on plaintiff's application (dkt. no. 1) to proceed *in forma pauperis*, on two miscellaneous motions (dkt nos. 3 & 4) filed by plaintiff, and for initial review under 28 U.S.C. § 1915A.

The Court finds that plaintiff is unable to pay a substantial initial partial filing fee. The pauper application therefore will be granted, subject to the remaining provisions herein. The Court expresses no opinion at this juncture as to whether plaintiff potentially already may have accrued three "strikes" for purposes of 28 U.S.C. § 1915(g). No action taken herein should be construed as an implicit holding as to any such issue.

Turning to initial review, when a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

In considering whether the plaintiff has stated a claim upon which relief can be granted, all material factual allegations in the complaint are accepted as true for

purposes of initial review and are to be construed in the light most favorable to the plaintiff. *See, e.g., Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). However, mere legal conclusions unsupported by any actual allegations of fact are not assumed to be true in reviewing the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-81 & 686-87 (2009). That is, bare and conclusory assertions that constitute merely formulaic recitations of the elements of a cause of action and that are devoid of further factual enhancement are not accepted as true and do not state a claim for relief. *Id.*

Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972).

In the complaint, plaintiff Steven Braunstein presents multiple claims alleging constitutional errors in his original state criminal proceedings, his state post-conviction proceedings, and a 2010 resentencing proceeding. He seeks injunctive and/or mandamus relief nullifying or otherwise overturning state court orders in the criminal and state post-conviction proceedings.

The claims seeking to raise constitutional errors regarding the original criminal proceedings and resentencing proceeding are not cognizable under 42 U.S.C. § 1983 because the claims necessarily challenge the duration of plaintiff's confinement and/or the validity of his conviction and sentence, which have not been overturned on collateral review or otherwise. *See, e.g, Heck v. Humphrey*, 512 U.S. 477 (1994).

All of the claims presented additionally are barred under the *Rooker-Feldman* doctrine because the claims made and relief requested would require that the federal district court exercise appellate jurisdiction to overturn the judgment or order of a state court. Federal district courts do not have appellate jurisdiction over a state court, whether by direct appeal, mandamus, or otherwise. *See, e.g., Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003). While the jurisdictional limitation recognized in *Rooker* does not function as a rule of

///

claim or issue preclusion, it does bar a party from obtaining the relief sought here, an order from a lower federal court directing a state court how to proceed in its cases.

The complaint therefore fails to state a claim upon which relief may be granted. The Court finds that grant of an opportunity to amend would be futile. This Court has denied three federal habeas petitions by plaintiff challenging his confinement; and the Court of Appeals has denied a certificate of appealability in all three cases. *See* Case Nos. 2:07-cv-00014, 3:11-cv-00027, and 3:11-cv-00587.[1] Further, this Court has dismissed three prior civil rights actions by plaintiff in whole or in part based upon the rule in *Heck*. *See* Case Nos. 3:02-cv-00163, 3:10-cv-00051 and 3:12-cv-00235.[2] Allowance of an opportunity to amend would not only be futile but a waste of judicial resources as well. Plaintiff simply is pursuing a vexatious pattern of frivolous litigation activity that if continued hereafter will lead to his being denied pauper status under § 1915(g) and, ultimately, to imposition of sanctions by the Court.

IT IS THEREFORE ORDERED that the application (dkt. no. 1) to proceed *in forma pauperis* is GRANTED, subject to the remaining provisions herein. Plaintiff shall not be required to pay an initial partial filing fee. However, even if this action is dismissed, the full $350.00 filing fee still must be paid pursuant to 28 U.S.C. § 1915(b)(2).

IT IS FURTHER ORDERED that the movant herein is permitted to maintain this action to a conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This order granting *forma pauperis* status shall not extend to the issuance of subpoenas at government expense.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 1915(b)(2), the Nevada Department of Corrections shall pay to the Clerk of the United States District

---

[1] Plaintiff states that 3:11-cv-00027 was not his case. The Court's docket shows otherwise.

[2] An appeal is pending in the third action listed, with the Court of Appeals having remanded for the limited purpose of amending the judgment to reflect that the dismissal was without prejudice rather than with prejudice.

1 Court, District of Nevada, 20% of the preceding month's deposits to plaintiff's account
2 (in the months that the account exceeds $10.00) until the full $350 filing fee has been
3 paid for this action. The Clerk shall send a copy of this order to the Finance Division of
4 the Clerk's Office. The Clerk shall also send a copy of this order to the attention of the
5 Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011,
6 Carson City, NV 89702.

IT IS FURTHER ORDERED that plaintiff's motion for screening (dkt no. 3) and motion for a telephonic hearing (dkt. no. 4) are DENIED as moot.

IT IS FURTHER ORDERED that this action shall be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

IT IS FURTHER ORDERED that, in the event of an appeal, and pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies to the Court of Appeals that an appeal is not taken in good faith. So that the certification may be clearly marked for review by the Court of Appeals, the Clerk shall prominently include within the docket entry for this order a statement that the order also certifies to the Court of Appeals that an appeal would not be taken in good faith.

The Clerk shall enter final judgment dismissing this action without prejudice.[3]

DATED THIS 12th day of March 2013.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[3] The dismissal on the basis stated in the text does not signify that the complaint is free of other deficiencies. To the extent that plaintiff seeks to pursue pendent state law claims, the Court declines to exercise supplemental jurisdiction following upon the dismissal of the federal claims. It does not appear that such action would materially impact the analysis of the application of the statute of limitations as to any such state law claims, given the time periods involved. *Inter alia*, plaintiff originally was convicted in 2000. Any such state law claims seeking to challenge petitioner's confinement and/or rulings in the state post-conviction proceedings in a civil action such as the present one in any event would be of highly dubious validity. The Court does not have jurisdiction to overturn a state court order or judgment – outside of federal habeas review of federal constitutional claims as authorized in 28 U.S.C. § 2254 – even if an underlying claim is based on state rather than federal law.